Irina Roller (IR 0177)
Attorney for Plaintiffs
Law Offices of Irina Roller, PLLC
40 Wall Street – 28th floor
New York, NY 10005
(212) 688-1100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
C.P. individually and on behalf of her child D.P., a minor,

                            Plaintiffs,                    Civ. Action No.

     -against -                                     **COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                            Defendant.
_____x


Plaintiffs, C.P. individually and on behalf of her child, D.P., a minor, by their attorneys, Law Offices of Irina Roller, PLLC as and for their Complaint against defendant, THE NEW YORK CITY DEPARTMENT OF EDUCATION, allege and state the following:

1. At all relevant times, Plaintiff D.P. is a minor child with a disability. At all relevant times plaintiffs reside within New York City, who are entitled to all rights, entitlements, and procedural safeguards mandated by applicable law and statutes including, but not limited to, the Individuals with Disabilities Education Improvement Act ("IDEIA"), 20 U.S.C. §§ 1400, et seq.; the federal regulations governing the IDEIA; Article 89 of the New York State Education law; and Part 200 of the New York State Education Commissioner's Regulations.

2. At all relevant times, all plaintiffs and/or defendant have resided and/or continue to reside within the City and/or County of New York.

3. Plaintiffs, though known to defendant, are not expressly named herein by their given names or specific address because of the privacy guarantees provided by the IDEIA, as well as in

1

the Family Education Rights Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99. Upon the request of this Court, plaintiffs are prepared to disclose plaintiffs' identities *in camera*.

4. Defendant, upon information and belief, is a duly constituted school district organized under the laws of the State of New York and is the "local educational agency" charged with the obligation to provide minor plaintiff herein with a free and appropriate public education ("FAPE").

## NATURE OF THE ACTION

5. This action is filed pursuant to the IDEIA, 20 U.S.C. § 1415, and follows four trials on behalf of the plaintiffs that resulted in four decisions issued by Impartial Hearing Officers ("IHO"), all on the merits in plaintiffs' favor.

6. This action is filed to secure statutory attorneys' fees and costs that plaintiffs should be awarded in this fee application action, and in the underlying proceedings, as the plaintiffs are the "prevailing party" pursuant to the express fee-shifting provisions of the IDEIA, 20 U.S.C. § 1415(i)(3).

## JURISDICTION AND VENUE

7. This court has jurisdiction over this action pursuant to 20 U.S.C. §§ 1415(i)(2) and (3), 34 C.F.R. §§ 300.516 and 300.517, 28 U.S.C. §§ 1331 and 1367 without regard to the amount in controversy. Venue is proper in that plaintiffs and defendant reside in or are situated within this judicial district.

## FACTUAL BACKGROUND

9. Pursuant to the IDEIA statute, as well as the New York State Education Law, all school agencies within the State are required to offer eligible students with disabilities a special education program and services that are tailored to meet the individual needs of each child with a disability.

10. On or about February 25, 2019, plaintiffs, C.P. individually and on behalf of her child D.P., a minor, initiated a due process proceeding against defendant, case no. 181839, to obtain an

2

order of pendency directing defendant to fund and or reimburse parent for tuition for D.P.'s enrollment at International Academy of Hope ("iHope") and provide special education transportation and also to obtain an order directing defendant to issue tuition reimbursement and/or direct funding for D.P.'s enrollment at iHope, provide special education transportation, reimbursement for transportation costs, issue payment for related services provided, increase in the time and frequency of related services, reimbursement for any and all necessary evaluations and equipment, and costs and fees based upon defendant's failure to provide D.P. with a FAPE for the 2018-19 school year. .

11. Following a trial, Impartial Hearing Officer Edgar De Leon, Esq. issued a 24-page Findings of Fact and Decision ("FOFD") dated May 1, 2020 for case no. 181839, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education ("FAPE") to the student for the 2018-19 school year.

b. Plaintiffs satisfied Prong II by demonstrating that iHope was at all relevant times an appropriate school placement for D.P. for the 2018-19 school year.

c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

12. IHO De Leon's Findings of Fact and Decision dated May 1, 2020 directed defendant to reimburse and/or directly pay the tuition cost at iHope and provide special education transportation for the 2018-2019 school year and directed defendant to conduct all necessary re-evaluations not evaluated in the prior two years, including but not limited to a psycho-educational evaluation and after the completion of the re-evaluations, the Committee on Special Education shall produce a new Individualized Education Program for the 2020-21 school year.

13. On or about September 3, 2019, plaintiffs, C.P. individually and on behalf of her child

D.P., a minor, initiated a due process proceeding against defendant, case no. 186740, to obtain an order of pendency directing defendant to fund and or reimburse parent for tuition for D.P.'s enrollment at iHope and provide special education transportation for the 2019-20 school year and also to obtain an order directing defendant to issue tuition reimbursement and/or direct funding for D.P.'s enrollment at iHope, provide special education transportation, reimbursement for transportation costs, issue payment for related services provided, increase in the time and frequency of related services, reimbursement for any and all necessary evaluation and equipment, and costs and fees based upon defendant's failure to provide D.P. with a FAPE for the 2019-20 school year.

14. Following a pendency hearing and then a trial, IHO Lassinger, Esq. issued: (1) an Interim Order on Pendency dated August 24, 2020 for case no. 186740, ordering the defendant shall continue to fund the D.P.'s placement at iHope and provide transportation for the 2019-20 school year; and (2) after a trial, IHO Lassinger issued an 11-page Findings of Fact and Decision dated April 22, 2021, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

a. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to the student for the 2019-20 school year.

b. Plaintiffs satisfied Prong II by demonstrating that iHope was at all relevant times an appropriate school placement for D.P. for the 2019-20 school year.

c. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

15. IHO Lassinger's Findings of Fact and Decision dated April 22, 2021 directed defendant to reimburse and/or fund the cost of tuition and related services at iHope for the 2019-20 school year.

4

16. On or about July 5, 2020, plaintiffs, C.P. individually and on behalf of her child D.P., a minor, initiated a due process proceeding against defendant, case no. 196314, to obtain an order directing defendant to issue payment for tuition and all program costs at iHope, provide special education transportation, provide and maintain all assistive technology and other equipment and if defendant failed to provide or maintain all assistive technology or equipment, defendant to fund the necessary assistive technology or equipment, as needed, for D.P.'s changing needs and costs and fees based upon defendant's failure to provide D.P. with a FAPE for the 2020-21 school year.

17. Following a trial, Impartial Hearing Officer Dora M. Lassinger, Esq. issued a 10-page Findings of Fact and Decision dated March 22, 2021 for case no. 196314, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

d. Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to the student for the 2020-21 school year.

e. Plaintiffs satisfied Prong II by demonstrating that iHope was at all relevant times an appropriate school placement for D.P. for the 2020-21 school year.

f. Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

18. IHO Lassinger's Findings of Fact and Decision dated March 22, 2021 directed defendant to reimburse and/or directly fund the cost of tuition at iHope and provide special education transportation for the 2020-21 school year.

19. On or about July 7, 2021, plaintiffs, C.P. individually and on behalf of her child D.P., a minor, initiated a due process proceeding against defendant, case no. 210884, to obtain pendency funding for tuition and related costs for D.P.'s placement at iHope and provide special education transportation for the 2021-22 school year and also an order directing defendant to issue tuition reimbursement and/or direct funding for D.P.'s enrollment at iHope, provide special education

transportation, reimburse and/or directly fund the cost of any required equipment and costs and fees based upon defendant's failure to provide D.P. with a FAPE for the 2021-22 school year.

20. Following a trial, Impartial Hearing Officer David R. Gronbach, Esq. issued a 24-page Findings of Fact and Decision August 3, 2023 for case no. 210884, based upon an analysis of the three-prong "Burlington-Carter" test in which the IHO found:

   a.  Defendant, DOE failed to meet their burden on prong I. The DOE failed to offer a Free Appropriate Public Education to the student for the 2021-22 school year.

   b.  Plaintiffs satisfied Prong II by demonstrating that iHope was at all relevant times an appropriate school placement for D.P. for the 2021-22 school year.

   c.  Prong III, also known as the "equities", favored plaintiffs, and there were no equitable considerations which would reduce the award of full reimbursement.

21. IHO Gronbach's Findings of Fact and Decision dated August 3, 2023 directed defendant to directly fund and/or reimburse parent for the tuition to iHope and provide special education transportation for the 2021-22 school year.

22. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 181839.

23. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 186740.

24. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 195663.

25. As a consequence of the favorable, unappealed FOFD, Plaintiffs qualifies as a "prevailing party" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3) for case no. 210884.

26. Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the trials related to the student's education for the 2018-19, 2019-20, 2020-21 and 2021-22 school years.

27. Plaintiffs are also entitled to an award of attorney's fees and related to filing costs and disbursements associated with this action in an amount to be set by the Court.

## PROCEDURAL REQUIREMENTS

28. Plaintiffs repeat, reiterate and reaffirm each and every allegation set forth above as if fully set forth herein.

29. Plaintiffs have exhausted their administrative remedies, as attorney's fees and related costs may not be recovered at the administrative level and must be adjudicated and determined by the federal court, absent an agreement by the parties.

30. This action on behalf of all plaintiffs is timely brought based on the applicable statute of limitations. Governor Andrew Cuomo tolled the statute of limitations under all New York State statutes as a result of the COVID pandemic. Executive Order 202.08 dated March 20, 2020 provided that any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, or by any other statute, local law, ordinance, order, rule, or regulation, or part thereof, is hereby tolled from the date of this executive order. Multiple Executive Orders continued the suspensions and modifications of law through November 3, 2020, ultimately tolling the statute of limitations for a total of 228 days. Courts adopt the three-year statute of limitations in N.Y. Civ. P.L. § 214(2) to IDEA attorney's fees claims, as the IDEA does not include a limitations period for filing such claims. *Robert D. v. Sobel*, 688 F.Supp. 861 (S.D.N.Y. 1988). As Federal Courts adopt state limitations periods, New York State tolling rules apply. *Bd. of Regents of Univ. of State of N.Y. v. Tomanio*, 446 U.S. 478 (1980). Accordingly, the applicable statute of limitations in New York

relating to attorney's fees and all other claims, to the extent they would have been time-barred, were tolled by the Governor's Executive Order 202.08 dated March 20, 2020.

31. As a consequence of the four (4) favorable, un-appealed administrative decisions, referenced above, all plaintiffs qualify as "prevailing parties" within the meaning of the IDEIA, 20 U.S.C. § 1415(i)(3).

32. Under the IDEIA fee-shifting provisions, plaintiffs should be awarded reasonable attorney's fees and other recoverable costs for legal services rendered at the administrative level and in connection with this fee application.

## RELIEF REQUESTED

**WHEREFORE,** by reason of the foregoing, this Court should: (a) declare plaintiffs to be the prevailing party; (b) fix and award plaintiffs' statutory attorney's fees and related costs and disbursements from the trials in the four aforementioned cases; (c) award plaintiffs the attorney's fees and related filing costs and disbursements associated with this action in an amount to be set by the Court; and (d) award plaintiffs such other and further relief as this Court deems fair and just.

Dated:  New York, New York
        September 1, 2023

Respectfully submitted,

\_\_s/Irina Roller_____
Irina Roller (IR 0177)
Law Offices of Irina Roller, PLLC
*Attorney for Plaintiffs*
40 Wall Street – 28th floor
New York, NY 10005
Phone: (212) 688-1100
Email: *Hearings@RollerEsq.com*